IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES, | : | |
|---|---|---|
| Plaintiff, | : | |
| | : | Case No. 2:21-CR-52 |
| v. | : | |
| | : | JUDGE SARAH D. MORRISON |
| CHARLES L. ALEXANDER, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

Defendant Charles Alexander's Motion to Appeal Magistrate's Order (ECF No. 16) and the Government's Response in Opposition (ECF No. 19) are presently before the Court for consideration. The Court deems a hearing unnecessary.

**I. BACKGROUND**

The Indictment charges Defendant with violating 18 U.S.C. § § 922(g)(1) and 924(a) by possessing a firearm as a convicted felon in February 2021. (ECF No. 3.) Defendant was arrested on March 31, 2021 and placed in temporary detention the same day. (ECF Nos. 9, 22.)

According to a Columbus Division of Police Criminal Investigation Summary ("Summary") admitted at Defendant's April 2, 2021 detention hearing, Defendant obtained what he believed to be Percocet and shared half a pill with Tanja Davis, the mother of two of his children. (ECF Nos. 12 and 12-1; Recording April 2, 2021 detention hearing.) He fell asleep, and when he awoke he found Ms. Davis unresponsive with blood coming out of her mouth. *Id*. He called 911. *Id*. The

1

paramedics pronounced Ms. Davis dead at the scene. *Id*. The police found a loaded Zigana 9mm model T pistol on Defendant. *Id*.

The Government, in accordance with 18 U.S.C.§ § 3142(e) and (g), argued at the detention hearing that Defendant's charge is serious, as it involves a possession of a firearm in connection with illicit drug use and death. (Recording April 2, 2021 detention hearing.) The Government continued that the strength of the evidence against Defendant is strong, as he admitted to possessing the firearm. *Id*. The Government stated that Defendant has a lengthy and violent criminal history dating back to 2003. *Id*. He also has previous failures to appear. *Id*. The Government noted that Defendant has at least three diagnosed mental health conditions but no plan to address them. *Id*. The Government stated that Defendant lied to pretrial services, as he indicated that he only engaged in cannabinoid use but he took Percocet with Ms. Davis. *Id*. As to community risk, the Government reiterated Defendant's history of violent crimes and the fact that his present charges stem from drug use while possessing a loaded firearm. *Id*. The Government therefore urged detention. *Id*.

Attorney Isabella Dixon, Mr. Alexander's counsel, requested release. Ms. Dixon said he did the right thing by calling 911 and not fleeing the scene. *Id*. Ms. Dixon said that Defendant needs to work to support his family. *Id*. Ms. Dixon asked that Defendant be released with conditions. *Id*.

The Pretrial Services Report confirmed the Government's narrative that Defendant has a long criminal record. (ECF No. 11.) His crimes included, but were

not limited to, aggravated burglary, domestic violence, trafficking in crack cocaine, attempted obstruction of justice, improper handling of a firearm, and having weapons while under disability. *Id*. He has two failures to appear. *Id*. The Pretrial Services Officer recommended release conditioned upon him continuing to work, getting mental health and substance abuse treatment, reporting for supervision, and refraining from possessing and using weapons and illicit substances. *Id*.

Magistrate Vascura determined that this was not a presumption case. After considering the Summary, the arguments of counsel, and the Pretrial Services Report, she ordered Defendant detained under 18 U.S.C. § 3142(g) because the Government proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. (ECF No. 14). Factors leading to that determination included: the weight of evidence against Defendant was strong; he was subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence and use of weapons; his history of alcohol or substance abuse; and his prior violations of probation, parole, or supervised release. *Id*.

## II. LEGAL STANDARD

"The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). A defendant may be detained pending trial only when a judicial officer "finds that no condition or combination of conditions will reasonably assure the appearance of the

3

person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "'Pretrial detention can be ordered based on a judicial finding of either substantial danger to the community or risk of flight; only one is required.'" *United States v. Xiaorong You*, No. 2:19-CR-14, 2019 U.S. Dist. LEXIS 96776, at *5 (E.D. Tenn. June 10, 2019) (quoting *United States v. Hernandez*, No. 1:02-CR-006, 2002 WL 1377911, at *3 (E.D. Tenn. Feb. 27, 2002) (citing *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985)). Here, the parties' arguments focus on the substantial danger aspect. Thus, the Government must show by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004)

The Court considers several factors when deciding whether the Government satisfies its burden, including:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending

4

> trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

§ 3142(g). If the Court determines that a detention order is necessary, it shall submit a written statement of the reasons for the detention. § 3142(i)(1).

### III. ANALYSIS

Defendant's Motion seeks release "because there were several conditions set forth which would assure the Defendant's appearance as well as safety of the community. The Magistrate did not state why these conditions would not work." (ECF No. 16, PageID 36.) Defendant states he has a job and housing. Defendant wants to be released so that he may work and provide for his family. *Id*.

The Government opposes. (ECF No. 19.) The Government argues that the Magistrate knew about Defendant being a father and having housing and a job when she ordered him detained. Further, the Government asserts Defendant allegedly committed the instant offense while being a father and having housing and a job. Thus, the Government maintains that those facts do "not negate Magistrate Judge Vascura's reasons for detaining the defendant, which included, among other considerations, the defendant's prior criminal history, prior probation

5

violations, prior failures to appear, history of violence and weapons use, and history of substance abuse." *Id*. at PageID 39.

The Court has assessed Defendant's Motion and the Government's response. The Court also reviewed all pertinent filings as well as the transcripts of the April 2, 2021 detention hearing (ECF No. 12). In light of those actions, the Court has reviewed *de novo* Magistrate Judge Vascura's detention order (ECF No. 14). Pursuant to the factors outlined in § 3142(g), the Court makes the following findings.

**Nature and Circumstances of the Offenses Charged.** Defendant's charge is serious because it involves possession of a loaded firearm by a convicted felon. The circumstances of the offense buttress the seriousness. Defendant possessed a loaded firearm as a convicted felon while securing and distributing Percocet. Ms. Davis died after sharing the Percocet with Defendant. This factor directs detention.

**Weight of the Evidence Against the Defendant**. "This factor goes to the weight of the evidence of an accused's dangerousness or flight risk, not to the weight of the evidence pointing to his or her guilt." *United States v. Richardson*, No. 2:11-cr-220, 2011 U.S. Dist. LEXIS 122928, at *18 (S.D. Ohio Oct. 21, 2011) (Preston Deavers, MJ) (citing *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010)).

Defendant possessed a loaded firearm, despite his numerous prior felony convictions, while obtaining illegal prescription drugs. He and Ms. Davis ingested those drugs and she died. The Government aptly describes his behavior as involving

"illegal drug distribution, illegal drug use, and illegal possession of a firearm, all in one occurrence." (ECF No. 19, PageID 43.) This factor also directs detention.

**Defendant's History and Characteristics**. Defendant's criminal history spans two decades and contains arrests and convictions for numerous violent crimes. One of his more recent convictions is for WUD and involved a twenty-four month prison sentence. Defendant admits to using cannabinoids and Percocet, but he lied about using the latter to Pretrial Services. Defendant's mental health needs attention. He has at least three diagnosed mental health issues but no plan of treatment for any of them. This factor likewise directs detention.

**Nature and Seriousness of the Danger if Defendant was Released**. Defendant's admitted actions in this case combined with his extensive and violent criminal history illustrate the great danger he would pose to the public were he to be released. This final factor directs detention.

In sum, each of the § 3142(g) factors indicate that detention is necessary in this case. The Government has satisfied its burden of proving by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.

### IV. CONCLUSION

For all of these reasons, and after *de novo* review, the Court agrees with the Magistrate Judge that there are no conditions sufficient to address the concern for danger that Defendant poses to the community and that he should be detained

7

pending final resolution of this case on the merits. Defendant's Motion to Appeal Magistrate's Order (ECF No. 16) is **DENIED**.

    **IT IS SO ORDERED**.

                                    /s/Sarah D. Morrison
                                    **SARAH D. MORRISON**
                                    **UNITED STATES DISTRICT JUDGE**